J-A13027-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| JILLIAN M. MONTGOMERY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL R. MONTGOMERY | : | |
| | : | |
| Appellant | : | No. 1232 WDA 2017 |

Appeal from the Order Entered July 19, 2017
In the Court of Common Pleas of Mercer County Civil Division at No(s):
No. 00181 DR 2015,
PACSES #956115253

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.:                    FILED MAY 29, 2018

Michael R. Montgomery ("Husband") appeals from the Court of Common Pleas of Mercer County's Order dated July 19, 2017.  Because Husband has taken this appeal from a non-reviewable interlocutory order, we quash.

Given our disposition, we provide only the following relevant facts and procedural history.  On May 17, 2016, the trial court issued an Order in which it ruled that any distributions made to Jillian M. Montgomery ("Wife") as the contingent beneficiary of a spendthrift trust constitute income for purposes of child, but not spousal, support and rejected Husband's argument to apply an upward deviation for Wife based on the trust distributions.  The trial court remanded the matter to the Domestic Relations Office for recalculation of Husband's support obligation consistent with its decision.  On May 23, 2016, the trial court entered an Order adopting the Domestic Relations Officer's

recalculation on remand of Husband's child and spousal support obligations and arrears.

Following Wife's appeal of those Orders, this Court remanded this matter to the trial court for, inter alia, a de novo hearing on the issue of the characterization of Wife's trust income as income for support purposes. See Montgomery v. Montgomery, 880 WDA 2016 (Pa. Super. filed May 15, 2017) (unpublished memorandum).

On remand, the trial court held a hearing as ordered by this Court, after which it entered its July 19, 2017 Memorandum Opinion and Order. In its Memorandum Opinion, the trial court affirmed its earlier decision that trust distributions to Wife constitute income for purposes of child, but not spousal, support. Memorandum Opinion, 7/19/17, at 1-2 (unpaginated). The court also concluded that neither party has had a change in circumstances warranting a deviation from the standard support guideline calculation. Id. at 2 (unpaginated). Accordingly, the trial court remanded this matter "to the Domestic Relations Conference Officer for a recalculation of [Husband's] child and spousal support obligations, consistent with this Opinion." Order, 7/19/17.

The trial court docket contains no order entered following remand to the Domestic Relations Office for recalculation of Husband's support obligations and arrears and Husband does not purport to appeal from such an order. Accordingly, the July 19, 2017 Order is interlocutory and non-appealable.

Pennsylvania Rule of Appellate Procedure 341(a) provides that "an appeal may be taken as of right from any final order[.]" Pa.R.A.P. 341(a). "A final order is any order that[] disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1).

The July 19, 2017 Order from which Husband appeals clearly contemplates further action by the Domestic Relations Office to calculate Husband's child and spousal support obligations and arrears. As such, it is not a final order. Accordingly, we quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/2018